UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          Case No. 2:02-cr-32-FTM-29DNF

DARRELL DESIRE
_____

**OPINION AND ORDER**

This matter is before the Court on defendant Darrell Desire's *pro se* Defendant's Motion Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. #165) filed on December 21, 2009. This is defendant's second motion under 18 U.S.C. § 3582(c)(2) for a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines. On March 13, 2008, the Court entered an Opinion and Order (Doc. #151) granting his first motion and reducing his sentence to 120 months imprisonment, the statutory mandatory minimum sentence. Defendant's current motion argues that because of the disparity between the treatment of crack cocaine and powder cocaine the Court has the authority to impose a sentence reduction below the statutory mandatory minimum.

Defendant relies upon Kimbrough v. United States, 552 U.S. 85 (2007) and Spears v. United States, 129 S. Ct. 840 (2009). In Kimbrough, the Supreme Court considered the status of the crack cocaine sentencing guidelines after its decision in Booker, which rendered the Sentencing Guidelines advisory. Kimbrough held that, after Booker, a district court possessed the authority to vary from the crack cocaine guidelines based upon a policy disagreement with

the disparity between the sentences imposed for crack and powder cocaine offenses. In Spears, the Court reiterated this holding. 555 U.S. at ___, 129 S. Ct. at 843-44. Neither decision, however, indicated that a district court is required to consider the disparity between powder and crack cocaine offenses. Rather, the Court merely held that a district court may consider this disparity. In United States v. Melvin, 556 F.3d 1190, 1192-94 (11th Cir.), cert. denied, 129 S. Ct. 2382 (2009), the Court held that Kimbrough does not apply in a § 3582(c)(2) proceeding.

The United States Supreme Court has granted *certiorari* in Dillon v. United States, ___ S. Ct. ___, No. 09-6338, 2009 WL 4559227 (2009), a case which may impact defendant's position. However, until that case is decided, defendant's argument lacks support in this Circuit. Additionally, defendant cites a bill working its way through Congress, but no such legislation has yet been passed.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Darrell Desire's *pro se* Defendant's Motion Regarding Retroactive Application of Revised Cocaine Base Sentencing Guidelines (Doc. #165) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of December, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Darrell Desire
U.S. Probation

2